UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA  :

    - against -  :

WANG JIA FU,  :

    Defendant.  :

- - - - - - - - - - - - - - - - - -x

MEMORANDUM DECISION

03 Cr. 567 (DC)

**CHIN, Circuit Judge**

    Proceeding pro se, defendant Wang Jia Fu moves for "clarification of sentence" and "correction of sentence applying U.S. Sentencing Guidelines § 5G1.3(c)."

    On March 26, 2004, Mr. Fu pled guilty to two counts of using or carrying a firearm during and in relation to a crime of violence. The first count charged a robbery of a residence in New Jersey in December 2000 and January 2001. (PSR ¶ 84). The second count charged a robbery of a residence in Queens, New York, on July 29, 2002. (PSR ¶ 85). On November 18, 2004, I sentenced Mr. Fu principally to 360 months in prison. Judgment was entered on November 23, 2004.

    Fu had earlier been convicted in Tennessee of burglary and theft in 1999 (PSR ¶ 95) and escape in 2002 (PSR ¶ 97). He was serving a term of state imprisonment related to the Tennessee

offenses when he was taken into federal custody for prosecution in this case. After he was sentenced in this case, he was returned back to state custody. Upon completion of his state sentence, he was returned to federal custody.

At his sentencing in this case in 2004, the issue of whether his federal sentence should run concurrently with or consecutively to his state sentence was not raised. Fu filed the instant motion in 2009, and contends that the issue should have been raised and that his federal sentence should have been made concurrent with his undischarged state sentence.

Even assuming the present motion is timely, it is denied. While Fu was in prison in Tennessee for the 1999 conviction, he escaped and was not captured until October 9, 2002. (PSR ¶ 98). It was during that period, while he was an escapee, that he committed the New Jersey and New York robberies. Section 5G1.3(a) provides that when a prisoner commits a federal offense while serving a term of imprisonment -- whether on work release, furlough, or escape status -- the sentences are to run consecutively. U.S. Sentencing Guidelines Manual § 5G1.3(a) (2003). If the issue had been raised at Fu's sentencing, I would not have imposed concurrent sentences because he was on escape

2

status at the time he committed the offenses for which I sentenced him.

Accordingly, the motion is denied. Because Fu has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C. § 2255 (1996) (as amended by the Antiterrorism and Effective Death Penalty Act). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision and order would not be taken in good faith.

The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED.**

Dated: New York, New York
May 14, 2012

DENNY CHIN
United States Circuit Judge
Sitting by Designation